2022 IL App (4th) 220390-U

NOS. 4-22-0390, 4-22-0391, 4-22-0392, 4-22-0398 cons.

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 5, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* A.R., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Sangamon County |
| Petitioner-Appellee, | ) | Nos.  19JA235 |
| v. | ) | 19JA236 |
| Pearlitha J., | ) | 19JA238 |
| Respondent-Appellant). | ) | 19JA239 |
| | ) | |
| | ) | Honorable |
| | ) | Karen S. Tharp, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court's fitness determination was not against the manifest weight of the
evidence.

¶ 2    Respondent, Pearlitha J., appeals from the trial court's order finding her to be an

unfit parent and terminating her parental rights as to four of her minor children, A.R. (born

November 8, 2006), S.J. (born January 18, 2009), Se. J. (born April 18, 2015), and N.J. (born

April 1, 2019). Respondent challenges only the court's fitness determination. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    In December 2019, the State filed a petition for adjudication of wardship, alleging

the minors were neglected pursuant to section 2-3 of the Juvenile Court Act of 1987 (705 ILCS

405/2-3 (West 2018)). Specifically, the State alleged, in relevant part, the minors were neglected because they were "not receiving the proper care and supervision necessary for [their] well being in that [respondent] failed to make a proper care plan for the minor[s]."

¶ 5    On March 12, 2020, respondent stipulated to the allegation of improper care and supervision, and the trial court entered an order adjudicating the minors neglected. The court based its neglect finding on the fact that the "minors [were] left home alone for extended time periods without appropriate supervision given [the] age *** of [the] children." On June 24, 2020, the trial court entered a dispositional order finding respondent unfit and making the minors wards of the court.

¶ 6    On December 1, 2021, the State filed a petition seeking a finding of unfitness and termination of respondent's parental rights. The State alleged, in relevant part, respondent was unfit within the meaning of section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2020)) because she failed to (1) maintain a reasonable degree of interest, concern, or responsibility as to the minors' welfare and (2) make reasonable progress toward the return of the minors during the nine-month period from December 12, 2020, to September 12, 2021.

¶ 7    In March 2022, the trial court conducted a fitness hearing. Elizabeth Collins, a child welfare specialist with the Department of Children and Family Services (DCFS), testified she was the minors' caseworker from December 2020 to May 2021. According to Collins, the case came into care because of allegations of physical abuse to A.R. and "an allegation that [A.R.] was being made to stay home and miss school to watch her younger siblings." Collins testified respondent's service plan required her to complete the following objectives: (1) complete a parenting class; (2) complete a substance abuse assessment; (3) complete random drug screenings; (4) regularly attend visitation with the minors; (5) attend domestic violence

counseling; (6) attend mental health counseling; and (7) cooperate with DCFS by communicating with the agency and providing proof of adequate housing and legal income.

¶ 8          Collins testified respondent successfully completed a parenting class and a substance abuse assessment, which did not recommend further treatment. With the exception of A.R., respondent regularly attended visits with the minors; respondent did not visit A.R. during Collins's time as the caseworker. Collins scheduled two drug screens in January and March 2021, but respondent did not complete either. In February 2021, respondent enrolled in domestic violence and mental health counseling. However, Collins testified her attendance at the counseling sessions was sporadic. Respondent never provided Collins with proof of stable employment. Collins testified that as of May 2021, she did not feel comfortable returning the minors to respondent given her inability to complete the domestic violence and mental health treatment and her inability to provide proof of a steady income.

¶ 9          Jenny Metzroth, a child welfare specialist with DCFS, testified that she was the minors' caseworker from May 2021 through September 2021. Metzroth testified she scheduled monthly drug screenings but respondent only completed two between May and September, both of which tested positive for marijuana. Metzroth further testified that she did not receive proof of successful discharge from either mental health or domestic violence treatment during her time as the caseworker. Metzroth believed respondent would have completed the treatment programs by September 2021 if she had been attending regularly. Respondent also failed to provide Metzroth with proof of a stable income. According to Metzroth, respondent attended nine visits with the minors and missed five. Metzroth testified respondent would occasionally cancel a visit with the minors if she could only visit with one or two of them because "she didn't feel it was needed or necessary to have a visit with just one or two of the kids." Metzroth went to respondent's home

in August 2021 and concluded it was not suitable for the minors. She testified, "There was some ceiling in the bathroom that appeared to be falling down. There was a cabinet that was not on the wall in the bathroom. And the home did in general appear to be a bit dirty and cluttered."

¶ 10        Respondent testified that "[m]ost of the time" the reason she failed to appear for the drug screens was due to the fact she was out of town. When she did attend, she tested positive for marijuana. Respondent testified she enrolled in mental health and domestic violence counseling and was still engaged in those services at the time of the hearing. Respondent denied saying that it was not necessary to attend visits with the minors if only one or two of them could attend. According to respondent, she missed approximately two visits because either she or one of the minors had been exposed to COVID-19. Respondent testified that she worked at "Help at Home" and owned a small business.

¶ 11        After considering the evidence presented at the fitness hearing, the trial court entered an order finding the State had proven respondent unfit by clear and convincing evidence. The court subsequently entered an order finding it in the minors' best interests to terminate respondent's parental rights.

¶ 12        This appeal followed.

¶ 13                                II. ANALYSIS

¶ 14        Respondent argues the trial court's fitness determination was against the manifest weight of the evidence. Specifically, respondent contends the trial court erred in finding she failed to (1) maintain a reasonable degree of interest, concern, or responsibility as to the minors' welfare and (2) make reasonable progress toward the return of the minors during the nine-month period from December 12, 2020, to September 12, 2021. We will address the latter argument first.

- 4 -

¶ 15    As an initial matter, we note that the State, in support of its argument it proved respondent unfit by clear and convincing evidence, cites to several documents in the common law record that were not admitted into evidence at the fitness hearing. For example, the State cites to, among other things, respondent's integrated assessment. However, the State did not ask the trial court to take judicial notice of this document, nor did it offer the document into evidence at the fitness hearing. In respondent's reply brief, she "objects and moves to strike all of the State's references to documents that were not admitted into evidence [at the fitness hearing]." We agree with respondent that it was improper to cite to these documents on appeal and we will not consider any of the State's references to them in addressing respondent's arguments. See, *e.g.*, *In re C.M.*, 305 Ill. App. 3d 154, 165 (1999) (stating that a trial court's "findings in an adjudicatory hearing on a petition to terminate parental rights must be based only upon the evidence presented during that hearing").

¶ 16    In a proceeding to terminate parental rights, the State must first prove by clear and convincing evidence that the parent is unfit. *In re Donald A.G.*, 221 Ill. 2d 234, 244, 850 N.E.2d 172, 177 (2006). In making such a determination, the court considers whether the parent's conduct falls within one or more of the unfitness grounds described in section 1(D) of the Adoption Act (750 ILCS 50/1(D) (West 2020)). *In re D.D.*, 196 Ill. 2d 405, 417, 752 N.E.2d 1112, 1119 (2001). "A parent's rights may be terminated if even a single alleged ground for unfitness is supported by clear and convincing evidence." *In re Gwynne P.*, 215 Ill. 2d 340, 349, 830 N.E.2d 508, 514 (2005). "A reviewing court will not reverse a trial court's fitness finding unless it was contrary to the manifest weight of the evidence, meaning that the opposite conclusion is clearly evident from a review of the record." *In re A.L.*, 409 Ill. App. 3d 492, 500, 949 N.E.2d 1123, 1129 (2011).

¶ 17        Under the Adoption Act, an unfit parent includes, in relevant part, any parent who fails to make reasonable progress toward his or her child's return during any nine-month period following the neglect adjudication. 750 ILCS 50/1(D)(m)(ii) (West 2020). In addressing section 1(D)(m) of the Adoption Act, the supreme court has stated as follows:

> "[T]he benchmark for measuring a parent's 'progress toward the return of the child' under section 1(D)(m) of the Adoption Act encompasses the parent's compliance with the service plans and the court's directives, in light of the condition which gave rise to the removal of the child, and in light of other conditions which later become known and which would prevent the court from returning custody of the child to the parent." *In re C.N.*, 196 Ill. 2d 181, 216-17, 752 N.E.2d 1030, 1050 (2001).

This court has described reasonable progress as "an 'objective standard,' " which exists "when 'the progress being made by a parent to comply with directives given for the return of the child is sufficiently demonstrable and of such a quality that the court, in the *near future*, will be able to order the child returned to parental custody.' " (Emphasis in original.) *In re F.P.*, 2014 IL App (4th) 140360, ¶ 88, 19 N.E.3d 227 (quoting *In re L.L.S.*, 218 Ill. App. 3d 444, 461, 577 N.E.2d 1375, 1387 (1991)).

¶ 18        Here, Collins testified respondent's service plan required her to comply with the following objectives: (1) complete a parenting class; (2) complete a substance abuse assessment; (3) complete random drug screenings; (4) regularly attend visitation with the minors; (5) attend domestic violence counseling; (6) attend mental health counseling; and (7) cooperate with DCFS by communicating with the agency and providing proof of adequate housing and legal income. Collins testified respondent successfully completed a parenting class and a substance abuse

assessment, which did not recommend further services. Collins also testified respondent regularly attended visits with the minors, with the exception of A.R., who she did not visit. However, Metzroth testified that respondent missed 5 of the 14 scheduled visits during her time as the caseworker. Respondent did not complete the scheduled drug screenings in January and March 2021, and she completed only two of the five scheduled screenings between May and September 2021; at least one of the screenings she completed tested positive for marijuana. Respondent enrolled in domestic violence and mental health counseling in February 2021 but had not been successfully discharged from either treatment program by September 2021. According to Metzroth, respondent would have completed both programs by September 2021 if she had been attending them regularly. Metzroth also testified that she visited respondent's house and did not believe it was suitable for the minors. Finally, both Collins and Metzroth testified that respondent never provided them with proof of employment during the relevant nine-month period.

¶ 19       Based on the above evidence, we cannot say the trial court's fitness determination was against the manifest weight of the evidence. Although respondent did complete some of the objectives of her service plan, such as the parenting class and substance abuse assessment, she failed to make sufficient progress towards completion of the remaining objectives such that the trial court would have been able to return the minors to her care in the near future. Respondent missed numerous visits and drug screenings, she failed to successfully complete domestic violence or mental health treatment by September 2021, and, as late as August 2021, her home was not, in the opinion of Metzroth, suitable for the minors. Finally, respondent failed to provide either caseworker with proof of employment or a steady income during the relevant time period. Accordingly, we find the trial court did not err in finding respondent unfit for failure to make

reasonable progress toward the minors' return to her care during the nine-month period from December 12, 2020, to September 12, 2021.

¶ 20　　　　In closing, we note respondent argues we are precluded from considering Collins's and Metzroth's testimony related to respondent's service plan and her compliance with the objectives of the plan because the State failed to introduce the service plan into evidence. According to respondent, the testimony related to the service plan constitutes inadmissible hearsay. However, respondent failed to make this objection at the fitness hearing and therefore forfeited her ability to raise the argument on appeal. See, *e.g.*, *In re April C.*, 326 Ill. App. 3d 225, 242 (2001) ("Where a party fails to make an appropriate objection in the court below, he or she has failed to preserve the question for review and the issue is [forfeited]."). Moreover, respondent has failed to provide any basis for this court to excuse her forfeiture. As a result, we decline to address her argument.

¶ 21　　　　Because a fitness determination may be affirmed if only a single ground has been proven by clear and convincing evidence, we need not address respondent's remaining argument. See, *e.g.*, *Gwynne P.*, 215 Ill. 2d at 349.

¶ 22　　　　　　　　　　　　　III. CONCLUSION

¶ 23　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 24　　　　Affirmed.